PEDRO GERMÁN ARROYO PRATTS, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1058. Submitted December 4, 1939.—Decided June 28, 1940.

*Mario Báez García* for appellant. The registrar appeared by brief.

ON MOTION FOR REHEARING

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The Registrar of Property of Mayagüez has moved for a reconsideration of the decision rendered by this court on January 8, 1940 (55 P.R.R. 779) denying his motion to dismiss the present appeal. The facts which gave rise to the latter are stated in the opinion that served as a basis for the said decision, and we refer to the same for a better understanding of the questions involved. We refused to dismiss the appeal because we were then and still are of the opinion that the grounds adduced by the respondent in his decision denying the record sought had too much importance to be considered and decided within the narrow limits of a motion to dismiss. We also thought it advisable to consider whether

the appellant had a right to resort to an administrative appeal for the purpose of reviewing the refusal of the registrar to record a chattel mortgage, executed in accordance with the provisions of Act No. 19 of June 3, 1927 (Sess. Laws, p. 490). We shall now proceed to consider and decide the case on the merits.

■ We are of opinion that the decision of the registrar denying the record must be sustained. The mortgagors did not constitute the mortgage to secure the payment of a promissory note, but ". . . to secure the payment to the aforesaid mortgagee, or, *the bearer or holder of this instrument* . . .," etc., that is, the bearer or holder of the instrument containing the subsidiary contract of mortgage. And who is the bearer or holder of the contract of mortgage? Simply the registrar himself, in accordance with section 15 of the Personal Property Mortgage Law, which in its pertinent part reads as follows:

"Section 15.—Every registrar of property shall keep a book of record of personal property mortgages and shall record therein each personal property mortgage presented to him for registration. *The registrar shall retain the document of the original mortgage* and shall note on the original and on a copy thereof for the mortgagee the date, hour, and minute when the same was received by him and the mortgage shall be effective from that time; . . ." (Italics ours.)

The logical result of this doctrine, under a reasoning of *reductio ad absurdum,* would be that the registrars of property by operation of law would become the creditors of all debtors with a mortgage security on their personal property.

■ The appellant maintains that, as in the model form of mortgage set forth in section 5 of the act it is said that, "if the mortgage is given for the performance of some other obligation aside from the payment of promissory notes, describe correctly but concisely the obligation to be performed," he confined himself to a description of the obligation, that is, to expressing the amount of the debt, the interest thereon, and the form of payment. We think that no great

180

effort is necessary to show that the alternatives offered by the model form where obligations *"aside from the payment of promissory notes"* are involved, do not refer or cover the obligation contracted by the mortgagors in favor of the appellant.

■ Regarding the question of the existence of the right to take an administrative appeal in cases of this kind, we think that the broad language of the Act to provide for appeals against the decisions of registrars of property, approved on March 1, 1902 (Comp. Stats. 1911, secs. 2180–2190), fully covers the case at bar, even though the lawmaker could not have had in mind Act No. 19 of 1927 when enacting the former law in 1902. The failure of the Act of 1927 to establish a special proceeding for reviewing decisions of the registrars denying or suspending any record, assignment, or cancellation of a chattel mortgage was due precisely to the fact that such a proceeding had already been provided by the Act of 1902. A similar situation arises in connection with section 295 of the Code of Civil Procedure, which provides for appeals from the judgments of the district courts in all cases enumerated therein, even though the judgment should be rendered in an action which did not exist at the time of the enactment of said section 295.

For the reasons stated the decision appealed from must be affirmed.